# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CARTER O'NEAL LOGISTICS, INC., and P&M LOGISTICS, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 2:17-cv-2799-JTF-cgc |
| v. | )<br>)<br>) |
| FEDEX GROUND PACKAGE SYSTEM, INC., | )<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

Before the Court, by way of Order of Reference (D.E. # 28) for determination, is the Motion to Compel Discovery and For Sanctions (D.E. # 27) filed by Plaintiffs Carter O'Neal Logistics, Inc., and P&M Logistics, Inc. ("Plaintiffs"). Defendant, FedEx Ground Package System, Inc. ("Defendant") filed its response to the motion (D.E. # 31). A hearing on the motion was held on July 25, 2018 and the motion was taken under advisement for the Court to review documents submitted *in camera*.

### 1. *Background*

Plaintiffs propounded their first set of requests for production of documents on February 13, 2018. Among the requests, Plaintiffs sought the production of reports and memoranda related to the investigation into claims made by Plaintiffs (request for production no 7). Defendant responded that the responsive documents were subject to attorney-client privilege and attorney work product doctrine. Defendant produced a privilege log regarding this request on June 25, 2018.

Plaintiffs argue that the privilege is waived because of comments and conversations that Defendant's investigator, Barry Johnson, had with Plaintiffs' representative, Boris Penchion. Defendant responds that the investigation is privileged and that Johnson could not waive the attorney-client privilege.

 2. *Attorney-client privilege*

Federal Rule of Evidence 501 states that "… in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Subject matter jurisdiction in the instant case is based on the diversity of the parties. 28 U.S.C. § 1332 The parties stipulate that the law of the Commonwealth of Pennsylvania applies in this case and supplies the rule of decision. (D.E. # 43)

The attorney-client privilege has been codified in Pennsylvania. The relevant statute provides:

> In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa.C.S.A. §5928. In Pennsylvania, the attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice. Custom Designs & Mfg. Co. v. Sherwin-Williams Co., 39 A.3d 372, 376 (Pa. Super. 2012), citing Gillard v. AIG Ins. Co., 15 A.3d 44, 59 (Pa. Super. 2011) The party asserting privilege bears the burden of producing facts establishing proper invocation of the privilege. *See*, Yocabet v UPMC Presbyterian,119 A.3d 1012, 1019 (Pa. Super. 2015). For a party to invoke the privilege, the following elements must be established:

1) The asserted holder of the privilege is or sought to become a client.

2) The person to whom the communication was made is a member of the bar of a court, or his subordinate.

3) The communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort.

4) The privilege has been claimed and is not waived by the client.

Id. at 1027 (citation omitted). When the client is a corporation, the privilege extends to communications between its attorneys and the agents or employees of the corporation authorized to act on its behalf. *See*, Brown v. Greyhound Lines, Inc., 142 A.3d 1, 9 (Pa.Super. 2016). In determining whether a communication by a client to someone other than his attorney is covered by the attorney-client privilege, courts have held that, as long as the recipient of the information is an agent of the attorney and the statement is made in confidence for the purpose of facilitating legal advice, it is privileged. *See*, Farrell v. Regola, 150 A.3d 87, 100 (Pa.Super. 2016).

However, the protection of the privilege extends only to communications and not to facts. *See*, Upjohn Co. v. United States, 449 U.S. 383, 395–96 (1981). There is a distinction between facts and communications. "The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." Id. (citing Philadelphia v. Westinghouse Electric Corp., 205 F.Supp. 830, 831 (E.D. Pa. 1962) )

*3. Work product privilege*

Federal Rule of Civil Procedure 26(b)(3) protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." "The work-product doctrine is a procedural rule of federal law; thus, Rule 26(b)(3) applies in diversity cases." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009). The Sixth Circuit has instructed that when determining whether a document is prepared "in anticipation of litigation", courts are to ask two questions: first, whether the document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purposes; and second, whether that subjective anticipation was objectively reasonable. *Id.* at 439. "The burden is on the party claiming protection to show that anticipated litigation was the 'driving force behind the preparation of each requested document.'" *Id*. (internal citations omitted).

The Court has examined *in camera* documents listed on the September 28, 2018 Amended Privilege Log in sections B and C[1]. In response to complaints made by Boris Penchion on behalf of Plaintiff P&M Logistics, Inc,, Defendant's in house counsel directed Barry Johnson on January 13, 2016 to begin an investigation so that the legal department could provide appropriate legal advice. (D.E. # 31-1) On March 17, 2016, Mr. Johnson was directed by in house counsel to investigate additional complaints lodged by Mr. Penchion.

Many of the items designated for disclosure fall in the category of facts rather than the observations of Mr. Johnson made to counsel in an effort to obtain legal advice. Other documents designated for disclosure are documents that were created in the ordinary course of business prior to the initiation of any complaints by Mr. Penchion and his counsel.

---

[1] Documents from section A were not provided.

The Motion to Compel is GRANTED IN PART and DENIED IN PART consistent with "Determination by the Court" column on the Table attached as Exhibit A to this Order.

**IT IS SO ORDERED** this 13th day of December, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
